IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01249-RM-STV

JAMES ARTHUR FAIRCLOTH,

    Plaintiff,

v.

JOHN HICKENLOOPER, *et al.*,

    Defendants.
___

**ORDER**
___

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (the "Motion to Amend") [#91] and three separate motions to dismiss filed by the defendants who have appeared in this litigation (collectively referred to herein as the "Motions to Dismiss") [#57, 67, 68]. All four motions have been referred to this Court. [#58, 69, 92] This Court has carefully considered the motions, related briefing, the case file, and the applicable case law, and has determined that neither oral argument nor further briefing would materially assist in the disposition of the instant motions.[1] For the following reasons, the Court **GRANTS** the Motion to Amend and **DENIES WITHOUT PREJUDICE** the Motions to Dismiss.

---

[1] Pursuant to D.C.COLO.LCivR 7.1(d), a judicial officer may "rul[e] on a motion at any time after it is filed."

I.   **BACKGROUND**

Plaintiff initiated this action pro se on May 22, 2018, by filing a Prisoner Complaint asserting claims pursuant to 42 U.S.C. § 1983 against various Colorado officials and prison officials and medical staff based upon their alleged failure to provide Plaintiff adequate medical care for Hepatitis C.[2] [#1] Plaintiff filed an amended complaint on June 1, 2018 and, following an order of the Court directing Plaintiff to cure deficiencies, on July 2, 2018, Plaintiff filed the Second Amended Prisoner Complaint, which is the current operative complaint. [#6, 7, 9] The Second Amended Complaint asserts the following four claims for relief: (1) deliberate indifference to a serious medical condition in violation of the Eighth Amendment, (2) supervisory liability for deliberate indifference to a serious medical condition in violation of the Eighth Amendment, (3) violations of the Eighth and Fourteenth Amendments based upon defendants presenting Plaintiff with a "Hobson's Choice" with regard to medical treatment, and (4) violations of the Americans with Disabilities Act and the Rehabilitation Act. [#9] On August 2, 2018, Magistrate Judge Gordon P. Gallagher issued an Order finding that "this case does not appear to be appropriate for summary dismissal" and drawing the case to a presiding judge. [#10]

On October 11, 2018, Defendant Correctional Health Partners, Inc. ("CHP") and Defendant "John or Jane Doe" Director of CHP (collectively, the "CHP Defendants") filed

---

[2] In November 2016, Plaintiff filed a Section 1983 lawsuit against many of the same defendants in this Court related to the adequacy of the treatment he received for Hepatitis C. *See Faircloth v. Hickenlooper*, No. 16-cv-02929-RM-STV, Dkt. No. 1 (D. Colo. Nov. 30, 2016) ("16-cv-2929 Action"). On February 20, 2018, the Court dismissed that lawsuit without prejudice for failure to prosecute after Plaintiff absconded from the halfway house to which he had been released and failed to provide the Court with a valid address or attend hearings scheduled in the matter. [16-cv-2929 Action, #134, 137] Plaintiff's motion to vacate the resulting judgment is currently pending in the 16-cv-2929 Action. [*See* 16-cv-2929 Action, #152]

a motion to dismiss all of Plaintiff's claims asserted against them. [#57] On October 24, 2018, Defendants Louis Cabiling and Judy Brizendine filed a motion to dismiss all of Plaintiff's claims asserted against them.[3] [#67] On that same day, Defendants John Hickenlooper, Rick Raemisch, Susan Tiona, William Frost, Renae Jordan, Helene Christner, and Robert Magnuson filed a separate motion to dismiss all of Plaintiff's claims asserted against them.[4] [#68]

On November 19, 2018, this Court stayed discovery pending resolution of defendants' pending motions to dismiss. [#76] On February 4, 2019, Plaintiff filed a consolidated response to the Motions to Dismiss. [#89] Contemporaneously, Plaintiff also filed the Motion to Amend. [#91] On February 5, 2019, the Court set an expedited briefing schedule for the Motion to Amend and "sua sponte extend[ed] the deadline for Defendants to file replies in support of their pending motions to dismiss until a date to be reset after briefing on the Motion to Amend is complete." [#94] On February 19, 2019, the CHP Defendants and Defendants Cabiling and Brizendine filed separate replies in support of their motions to dismiss. [#101, 102] On that same date, the CHP Defendants and Defendants Cabiling and Brizendine filed a joint response in opposition to the Motion to Amend. [#103] On February 21, 2019, the State Defendants filed their response to the Motion to Amend, informing the Court that they "do not oppose Plaintiff's [M]otion to

---

[3] Defendants Cabiling and Brizendine were incorrectly identified in the Second Amended Prisoner Complaint as "Mr. Cabling" and "Judy Brezindine," respectively. [#67 at 1 n.1] The Court uses the correct spelling of their names in this Order.

[4] On January 4, 2019, Defendant Brian Hoffman filed a joinder in the motion to dismiss filed by Defendants Hickenlooper, Raemisch, Tiona, Frost, Jordan, Christner, and Magnuson. [#81] Defendants Hickenlooper, Raemisch, Tiona, Frost, Jordan, Christner, Magnuson, and Hoffman are referred to collectively herein as the "State Defendants."

[A]mend and will address any deficiencies through a motion filed pursuant to Fed. R. Civ. P. 12." [#105]

II.     **ANALYSIS**

Through the Motion to Amend, Plaintiff seeks leave to file his proffered Third Amended Prisoner Complaint (the "Proposed Third Amended Complaint").[5] [#91, 91-1] Plaintiff contends that the Proposed Third Amended Complaint is offered "in response to [the] Motion[s] to Dismiss." [#91] Specifically, Plaintiff contends that the Proposed Third Amended Complaint: (1) "incorporate[s] the continued violation doctrine;" (2) revises the requested damages to reflect "the alleged treatment [Plaintiff] was given from July 11, 2018 – October 2, 2018;" and (3) states Plaintiff's claims "more precisely[,] staying on point w[ith] [the] policy of non-medical exclusion criteria being utilized as denial of prompt treatment of Health Services to the Plaintiff" and "adjust[s]" the request for injunctive relief. [*Id.*] The Proposed Third Amended Complaint also would add six additional defendants. [*Compare* #9 *with* #91-1]

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the Court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the

---

[5] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3. The Court, however, cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

As noted above, the State Defendants do not oppose the Motion to Amend but rather reserve their rights to challenge any deficiencies in the Proposed Third Amended Complaint through a motion to dismiss. [#105] The CHP Defendants and Defendants Cabiling and Brizendine (collectively, the "Opposing Defendants") argue that the Motion to Amend should be denied because the Motion to Amend and the Proposed Third Amended Complaint "exhibit undue delay, failure to cure deficiencies by prior amendment, undue prejudice to the [Opposing Defendants], and futility of amendment." [#103 at 5]

The Opposing Defendants devote most of their response to arguing that Plaintiff's attempt to amend the operative complaint would be futile. [*Id.* at 6-10] "An amendment is futile only if it would not survive a motion to dismiss." *Bituminous Cas. Corp. v. Hartford Cas. Ins. Co.*, No. 12-cv-00043-WYD-KLM, 2013 WL 6676157, at *2 (D. Colo. Dec. 18, 2013) (*citing Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). Here, the Proposed Third Amended Complaint is offered, in part, as a response to Defendants' pending Motions to Dismiss and purportedly seeks to clarify Plaintiff's allegations and address the Opposing Defendants' argument in their motions to dismiss that the continuing violation doctrine does not apply. [#91]

5

To the extent the Opposing Defendants believe the allegations against them remain deficient, the Court finds that such arguments would be better and more efficiently addressed through motion(s) to dismiss the Proposed Third Amended Complaint. *See Stender v. Cardwell*, No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011); *see also Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07–cv–01145–DME–KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (noting that defendant's futility argument "seems to place the cart before the horse"). "Accordingly, the Court—preserving its scarce resources—will not at this time consider the question whether the amendments should be denied on grounds of futility because they fail to state plausible claims for relief. The Court will consider that question if and when Defendants file a motion to dismiss on those grounds." *Stender*, 2011 WL 1235414, at *3. The Court finds this approach particularly valuable in preserving judicial resources here, where only a subset of the defendants opposes the Motion to Amend on futility grounds and where Plaintiff also seeks leave to add additional defendants on whose behalf no futility argument has been offered.

The Opposing Defendants also argue that Plaintiff unduly delayed seeking leave to file the Proposed Third Amended Complaint. Regarding undue delay, the Opposing Defendants argue only that Plaintiff has known about the involvement of the Opposing Defendants in the events giving rise to this case since at least May 20, 2016. [#103 at 8, 9] The analysis of undue delay in the context of a motion for leave to amend, however, focuses on the delay in the moving party seeking leave to amend—not the delay in originally filing the lawsuit. Here, Plaintiff's Motion to Amend was filed contemporaneously with his response to the Motions to Dismiss and is sought, in part, to

6

respond to arguments made by Defendants in their Motions to Dismiss.  In addition, Plaintiff seeks leave to amend to account for new facts relevant to his claims that arose after the filing of the operative complaint—*i.e.*, treatment for Hepatitis C that he received from July 11, 2018 through October 2, 2018.  The Court thus does not find undue delay in the filing of the Motion to Amend.

The Opposing Defendants further contend that the Motion to Amend should be dismissed because Plaintiff failed to cure deficiencies by prior amendment.  The Opposing Defendants, however, fail to offer any argument in support of this contention.  Instead, the Opposing Defendants merely point out that Plaintiff twice amended his complaint in the 16-cv-2929 Action and has already amended his complaint once in this action, thus making the Proposed Third Amended Complaint his sixth complaint asserting claims regarding the treatment of his Hepatitis C.  [#103 at 10] The Opposing Defendants, however, fail to identify how the proposed amendments relate to deficiencies identified in Plaintiff's prior complaints.  The Court observes that the merits of the motions to dismiss filed in the 16-cv-2929 Action were never addressed by the Court since the lawsuit was dismissed for failure to prosecute.  [16-cv-2929 Action, #134]  Moreover, the statute of limitations arguments raised in the Opposing Defendants' motions to dismiss this lawsuit were not raised in their motions to dismiss the 16-cv-2929 Action.  [*See* 16-cv-2929 Action, #92, 93]

Finally, although the Opposing Defendants contend that the Motion to Amend should be denied because it would "undu[ly] prejudice" them, they fail to identify any actual prejudice they would suffer if the Motion to Amend is granted.  "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing

7

their defense to the amendment.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (*quoting Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* Here, the Opposing Defendants concede that the Proposed Third Amended Complaint "seeks to assert **the exact same** four claims against the [Opposing Defendants]" that are asserted in the current operative complaint. [#103 at 3 (emphasis in original)] Although the Opposing Defendants point out that their motions to dismiss are already fully briefed, given that the claims asserted against them in the Proposed Third Amended Complaint are identical to the currently asserted claims, any prejudice to the Opposing Defendants is slight because they will be able to file substantially similar briefing in response to the Proposed Third Amended Complaint.[6]

For these reasons, Plaintiff's Motion to Amend is **GRANTED** and the Clerk of Court is directed to enter Docket No. 91-1 as Plaintiff's Third Amended Prisoner Complaint. The filing of the Third Amended Prisoner Complaint moots the Motions to Dismiss. Accordingly, the Motions to Dismiss [#57, 67, 68] are **DENIED WITHOUT PREJUDICE**, and Defendants may file renewed motions to dismiss the Third Amended Prisoner Complaint.

---

[6] The Court further notes that the Opposing Defendants voluntarily chose to complete the briefing on their pending motions to dismiss prior to the resolution of the Motion to Amend. In an effort to preserve the parties' resources, on February 5, 2019, the day after Plaintiff filed his response to the Motions to Dismiss, the Court sua sponte extended the deadline for Defendants to file their replies in support of their Motions to Dismiss until a date to be reset after the briefing on the Motion to Amend was complete. [#94]

In an attempt to preserve the resources of the Court and avoid unnecessary delay, on or before **March 13, 2019**, counsel for Defendants shall notify the Court whether they will accept service of the Third Amended Prisoner Complaint on behalf of any of the following Defendants who have not yet been served in this matter: (1) Gisela Walker, (2) Mark Wienpahl, (3) the John Doe Assistant Director of Clinical Services for the Colorado Department of Corrections ("CDOC"), (4) the John Doe Chief Medical Doctor or Officer for CDOC, (5) John Suthers, (6) Ari Zavaris, (7) Mr. Lawrence, and (8) Ms. Boyd. To the extent defense counsel refuses to accept service on behalf of any of these individuals because the individual is no longer employed by CHP or CDOC, the Court requests that counsel file under restriction the last known contact information available to CHP/CDOC for those defendant(s). The Court will then issue an order directing the United States Marshals Service to effect service on the defendants for whom service is not accepted.[7]

To facilitate the filing of consolidated responses to the Third Amended Prisoner Complaint, the deadline for Defendants to respond to the Third Amended Prisoner

---

[7] The Marshals Service already has attempted service on Defendants Walker and Weinpahl at the addresses provided in the Third Amended Prisoner Complaint [#91-1], but was unable to effect service upon those defendants at those addresses [#16, 27]. On January 7, 2019, the Court ordered Plaintiff to provide valid addresses for service upon Defendants Walker and Weinpahl by January 28, 2019. [#83] On January 30, 2019, Plaintiff filed a response in which he provided a new address for service upon Defendant Walker but was unable to identify a new address for service upon Defendant Weinpahl. [#84] Plaintiff is reminded that "[i]t is the plaintiff's responsibility to provide the [Court] with the address of the person to be served," *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007), and failure to timely do so will result in the dismissal of the claims against the defendant who was unable to be served. [*See* #83] Plaintiff is cautioned that, to the extent counsel for Defendants are unable to accept service on behalf of Defendant Weinpahl or provide an updated address for him, the Court will not direct the Marshals Service to make further attempts to serve him at the address provided in the Third Amended Prisoner Complaint, and Plaintiff's claims against Defendant Weinpahl may be dismissed.

Complaint is extended until **April 15, 2019**. The stay of discovery shall remain in place until any motions to dismiss the Third Amended Prisoner Complaint have been resolved.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Amend [#91] is **GRANTED** and the Clerk of Court is directed to enter Docket No. 91-1 as Plaintiff's Third Amended Prisoner Complaint;

(2) Defendants' Motions to Dismiss [#57, 67, 68] are **DENIED WITHOUT PREJUDICE** as moot;

(3) on or before **March 13, 2019**, counsel for Defendants shall notify the Court whether they will accept service of the Third Amended Prisoner Complaint on behalf of any of the following Defendants: (1) Gisela Walker, (2) Mark Wienpahl, (3) the John Doe Assistant Director of Clinical Services for CDOC, (4) the John Doe Chief Medical Doctor or Officer for CDOC, (5) John Suthers, (6) Ari Zavaris, (7) Mr. Lawrence, and (8) Ms. Boyd, and, to the extent service is not accepted because the individual is no longer employed by CHP or CDOC, counsel is requested to file under restriction the last known contact information for those defendant(s);

(4) the deadline for Defendants to respond to the Third Amended Prisoner Complaint is extended until **April 15, 2019**;

(5) discovery shall remain **STAYED** pending resolution of any motion to dismiss the Third Amended Prisoner Complaint;

(6) the Status Conference set for April 8, 2019 at 9:30 AM is **VACATED** and **RESET** for **June 24, 2019 at 9:30 AM** and Plaintiff may participate in the Status Conference by calling the Court at **303.335.2365** at the scheduled time; and

(7) the Clerk of Court is directed to mail a copy of this Order to Plaintiff.


DATED: March 1, 2019            BY THE COURT:

                                               s/Scott T. Varholak
                                               United States Magistrate Judge