**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 18-cv-01249-RM-STV

JAMES ARTHUR FAIRCLOTH,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS;
DEAN WILLIAMS, in his official capacity as
Director of the Colorado Department of Corrections;
RICK RAEMISCH, in his official and individual capacities;
RENAE JORDAN, in her official capacity as the
Director of Clinical and Correctional Services for the Colorado Department of Corrections;
RISHI ARIOLA-TIRELLA, in his official capacity as
Interim Chief Medical Officer for the Colorado Department of Corrections,

    Defendants.

---

## ORDER
---

This matter is before the Court on Plaintiff's Motion for Emergency Injunctive Relief (the "Motion") (ECF No. 197) requesting a temporary restraining order and/or preliminary injunction. Plaintiff alleges that the Buena Vista Correctional Facility ("BVCF"), in which he is an inmate, "has refused to employ basic preventative measures" to address the spread of COVID-19. As such, Plaintiff requests the Court to order Defendant Colorado Department of Corrections ("CDOC") to impose preventative measures and, until proof of remedial measures has been provided, to order Plaintiff's immediate release from custody. Upon consideration of the Motion, the Court denies Plaintiff's request for a temporary restraining order but defers his request for injunctive relief until briefing may be had on the Motion.

To obtain a temporary restraining order or preliminary injunctive relief, a party must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted). Because a preliminary injunction is an extraordinary remedy, the party's right to relief must be clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

Further, because the fundamental purpose of preliminary injunctive relief is to preserve the relative positions of the parties until a trial on the merits can be held, the Tenth Circuit has identified three types of disfavored injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits." *Id.* at 1258-59 (quotation omitted). To obtain a disfavored injunction, the moving party faces even a heavier burden – he must make a "strong showing" that the first and third factors tilt in his favor. *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019).

Plaintiff's Motion is filed in a pending case; therefore Defendants have notice and have appeared. Although Plaintiff arguably may not have to provide an affidavit in support of his request for a temporary restraining order, the Court finds Plaintiff's bare allegations of, for example, Defendant CDOC's supposed failures and of the state of the inmate population at BVCF insufficient to support the relief he seeks. Accordingly, the Motion is denied as to this request.

However, Plaintiff also seeks a preliminary injunction. Thus, the Court sets the following briefing schedule as to Plaintiff's request for preliminary injunctive relief: Defendants shall respond on or before April 20, 2020 and Plaintiff may file a reply within seven (7) days of the response.

Accordingly, it is **ORDERED**

(1) That Plaintiff's Motion for Emergency Injunctive Relief (ECF No. 197) is DENIED to the extent he seeks a temporary restraining order and DEFERRED to the extent he seeks a preliminary injunction; and

(2) That Defendants shall respond to the Motion on or before April 20, 2020 and Plaintiff may file his reply within seven (7) days of the response.

DATED this 10th day of April, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge