IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-01249-RM-STV

JAMES ARTHUR FAIRCLOTH,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS;
DEAN WILLIAMS, in his official capacity as
Director of the Colorado Department of Corrections;
RICK RAEMISCH, in his official and individual capacities;
RENAE JORDAN, in her official capacity as the
Director of Clinical and Correctional Services for the Colorado Department of Corrections; and
RISHI ARIOLA-TIRELLA, in his official capacity as
Interim Chief Medical Officer for the Colorado Department of Corrections,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion for Emergency Injunctive Relief (the "Motion") (ECF No. 197) requesting a temporary restraining order and/or preliminary injunction. Plaintiff alleges that the Buena Vista Minimum Center ("BVMC"),[1] in which he is an inmate, "has refused to employ basic preventative measures" to address the spread of COVID-19. As such, Plaintiff requests the Court to order Defendant Colorado Department of Corrections ("CDOC") to impose preventative measures and, until proof of remedial measures has been provided, to order Plaintiff's immediate release from custody. By Order dated April 10, 2020, the

---

[1] The Buena Vista Correctional Complex has two separate prison facilities on one campus: the Buena Vista Correctional Facility and the BVMC. (ECF No. 203, p. 1 n.1.)

Court denied Plaintiff's request for a temporary restraining order but deferred his request for injunctive relief until briefing may be had on the Motion. (ECF No. 198.) After granting Plaintiff three motions for extension of time,[2] that briefing is now completed.

## I.    LEGAL STANDARD

To obtain preliminary injunctive relief, a party must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted). Because a preliminary injunction is an extraordinary remedy, the party's right to relief must be clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

Further, because the fundamental purpose of preliminary injunctive relief is to preserve the relative positions of the parties until a trial on the merits can be held, the Tenth Circuit has identified three types of disfavored injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits." *Id.* at 1258-59 (quotation omitted). To obtain a disfavored injunction, the moving party faces even a heavier burden – he must make a "strong showing" that the first and third factors tilt in his favor. *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019).

---

[2] To conduct potentially consensual expedited discovery. Further, Plaintiff was apparently being considered for parole under CDOC's special-needs parole policy; Plaintiff was informed he was denied parole on May 11, 2020. (ECF No. 212, ¶2.)

## II.     DISCUSSION

The Court starts – and ends – with the requirement that Plaintiff establish a substantial likelihood of success on the merits of his claim. Plaintiff asserts he has shown this requirement is met, arguing that he is likely to prevail on the merits of his Eighth Amendment claim based on his conditions of confinement. Specifically, Plaintiff alleges Defendants CDOC and Williams, as Executive Director of CDOC, are liable for deliberate indifference to Plaintiff's safety, health, and well-being by failing to implement measures to prevent the spread of COVID-19 at BVMC. The problem, however, is that while such a claim is raised in the *Motion*, it is not in Plaintiff's *complaint*.

Specifically, in this action, Plaintiff alleges that Defendants failed to timely and properly treat him for Hepatitis C, in violation of his rights under the Eighth and Fourteenth Amendments and of the American with Disabilities Act. As relief, Plaintiff seeks a declaration that the Defendants' policies and practices concerning the treatment of inmates suffering from chronic Hepatitis C violate Plaintiff's rights; to enjoin Defendants from subjecting Plaintiff to such alleged unconstitutional policies and practices; and associated money damages. In short, there is simply no claim pled under the Eighth Amendment challenging the conditions of confinement related to COVID-19 in Plaintiff's operative complaint. It goes without saying that Plaintiff cannot prevail on an unpled claim. And, without meeting this requirement, Plaintiff cannot prevail on his Motion. *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d at 1136, 1141 (10th Cir. 2017) (recognizing that all four elements must be met with limited exception inapplicable here).

### III. CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion for Emergency Injunctive Relief (ECF No. 197) is **DENIED WITHOUT PREJUDICE**.

DATED this 14th day of July, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

4