IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-01249-RM-STV

JAMES ARTHUR FAIRCLOTH,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
DEAN WILLIAMS,
RICK RAEMISCH,
SUSAN TIONA,
RENAE JORDAN, and
RISHI ARIOLA-TIRELLA,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") (ECF No. 226) to deny Defendants' Motion to Dismiss (the "Motion") (ECF No. 204). Defendants have filed an Objection (ECF No. 227) which objects in part to the Recommendation. After consideration of the Recommendation, Motion, Objection, Plaintiff's Response (ECF No. 228) to the Objection, and relevant parts of the court record, and being otherwise fully advised, the Court finds and orders as follows.

## I.    BACKGROUND

The Recommendation ably set forth the background which gives rise to Plaintiff's action so it will not be repeated here. Instead, the Court will provide a brief summary in order to give context to this Order and provide additional background as appropriate in addressing the Objection.

Briefly, Plaintiff, an inmate in the custody of the Colorado Department of Corrections ("CDOC"), suffered from the chronic Hepatitis C Virus ("HCV"). Plaintiff alleges he was denied treatment for his serious medical condition based on purely non-medical reasons, e.g., whether he participated in a Drug and Alcohol Treatment Program. This denial was allegedly the result of the requirements set forth or mandated under certain Clinical Standards and Practices (the "Clinical Standards") which Defendants Rishi-Tirella, Jordan, and Tiona approved and signed and for which Defendant Raemisch was ultimately responsible. Plaintiff brings the following claims for relief: (1) First Claim for injunctive relief against Defendant Williams under 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendments; (2) Second Claim for damages against Defendants Raemisch, Rishi-Tirella, Jordan, and Tiona under 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendments; and (3) Third Claim against CDOC for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, et seq.

Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6) as to the First and Second Claims arguing (1) failure to state a claim; (2) Defendants Raemisch, Rishi-Tirella, Jordan, and Tiona are entitled to qualified immunity as to all claims against them in their individual capacities; and (3) certain claims are barred by the statute of limitations. Defendants, in their reply brief, however, withdrew their Motion without prejudice as to Defendant Williams. (ECF No. 221, p. 6 n.1.) Accordingly, the Motion is only directed to the Second Claim against Defendants Raemisch, Rishi-Tirella, Jordan, and Tiona. The Magistrate Judge found against Defendants on all arguments and recommended denying the Motion. Defendants' Objection followed.

## II.     LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the

magistrate judge's recommendation to which a proper objection is made. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

### III. DISCUSSION

#### A. Sufficiency of § 1983 Allegations

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment, made applicable to the states by the Fourteenth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).[1] "Deliberate indifference" involves an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). As relevant here, "[t]he subjective prong of the deliberate indifference test requires the plaintiff to [demonstrate] the

---

[1] Defendants argued Plaintiff's claim under the Fourteenth Amendment should be dismissed as duplicative of his claim under the Eighth Amendment. Based on Plaintiff's response to the Motion, the Recommendation construed Plaintiff's citation to the Fourteenth Amendment to simply reflect its role in applying the Eighth Amendment to the states. (ECF No. 226, p. 8 n.3.) No party objects to this characterization; accordingly, the Court accepts such construction of the § 1983 claims.

3

prison official's culpable state of mind." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). The subjective component is met "where the official knows of and disregards an excessive risk to inmate health or safety, and there is an affirmative link between the constitutional deprivation and the supervisor's actions." *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013) (quotation marks and citation omitted). "This affirmative link has had three related, indistinct prongs in our case law: (1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind." *Keith*, 707 F.3d at 1188 (quotation marks and citation omitted).

Defendants argued the complaint failed to establish: (1) the objective component; (2) the subjective component; and (3) personal involvement (supervisory liability) as required by § 1983. The Recommendation found otherwise. Defendants' Objection challenges the findings as to the second (subjective) and third (personal participation) interrelated factors, but not the first. As no party objects to the Recommendation's finding that the objective component has been plausibly plead, and after finding no clear error, the Court accepts this finding. Thus, the Court examines the Objection to the findings concerning personal participation and the subjective component.

To start, Defendants argue Plaintiff fails to plead facts showing Defendants acted with deliberate indifference. Defendants assert Plaintiff has pled nothing more than a medical malpractice claim – a deviation from the accepted standard of medical care. This argument is rejected. As Plaintiff counters, he does not allege there were alternative courses of treatment and Defendants failed to choose Plaintiff's preferred course of treatment. Instead, Plaintiff alleges that Defendants failed to treat his chronic HCV at all.

Next, Defendants argue that, as to Defendants Rishi-Tirella, Jordan, and Tiona, Plaintiff's allegations that they approved and signed the Clinical Standards which resulted in Plaintiff's

4

unconstitutional delay of his HCV treatment are insufficient to meet the subjective component. Such failure, Defendants assert, is tantamount to a failure to sufficiently allege personal participation. In other words, Defendants contend that "merely" signing the Clinical Standards with only threadbare allegations that any of the Defendants were made aware of Plaintiff's Hepatitis C concerns are insufficient. Plaintiff counters that he need not allege that each supervisory defendant was deliberately indifferent towards Plaintiff individually, i.e., in particular. Instead, Plaintiff contends, it is sufficient if his allegations are that the supervisory defendant showed deliberate indifference toward the likelihood that the policy would result in injury like the one Plaintiff suffered, citing to *Burke v. Regalado*, 935 F.3d 960 (10th Cir. 2019).

Under *Burke*, where the defendant did not personally participate in the underlying constitutional violation, supervisory liability may be predicated on allegations that defendant "(1) … maintained a policy or custom that (2) led to the underlying constitutional violation and (3) that he acted with deliberate indifference." *Burke*, 935 F.3d at 999. Plaintiff's allegations here are sufficient to plausibly allege supervisory liability.

Plaintiff alleges that Defendants Rishi-Tirella, Jordan, and Tiona are the former Interim Chief Medical Officer of CDOC responsible for medical care, the Director of Clinical and Correctional Services of CDOC responsible for overseeing administration of prisoner care, and the Chief Medical Officer of CDOC, respectively. Plaintiff further alleges these Defendants approved and signed different versions of the Clinical Standards, the application or implementation of which allegedly resulted in Plaintiff being refused treatment for his serious medical condition even though non-defendant CDOC medical providers recognized his condition. Finally, given these Defendants' medical positions in CDOC, the allegations – and the reasonable inferences to be drawn therefrom – are sufficient to support that they were

5

deliberately indifferent to the risk that the non-medical requirements would result in a constitutional violation like the one Plaintiff allegedly suffered. *See Burke*, 935 F.3d at 1000. *See also Keith*, 707 F.3d at 1189 ("official's knowledge of the risk need not be knowledge of a substantial risk to a *particular* inmate, or knowledge of the particular manner in which injury might occur" (italics in original, quotation marks and citation omitted)). Accordingly, Defendants' objections as to Defendants Rishi-Tirella, Jordan, and Tiona are overruled.

Defendants' objection as to Defendant Raemisch is similarly unavailing. Plaintiff alleges Defendant Raemisch was the CDOC Director at all relevant times, who had oversight and authority over all aspects of the management and governance of CDOC, including responsibility for the administration of medical care for prisoners in CDOC's custody. In addition, Plaintiff alleges that, as early as April 2014, Plaintiff began writing letters to Defendant Raemisch complaining that he was being denied treatment of his chronic HCV. Plaintiff alleges he specifically called Defendant Raemisch's attention to guidelines on initiating HCV therapy. Plaintiff also alleges his letters and grievances to Defendant Raemisch maintained that the Eighth Amendment required CDOC to treat his HCV and that he should not be required to participate in a Drug and Alcohol Treatment Program. Defendants contend these letters are analogous to cases which have found that filing grievances with prison authorities are insufficient to establish personal participation. The Court, however, is not persuaded.

Plaintiff's allegations do not consist of merely a response and denial of a grievance by someone who is not responsible for treatment. *See Requena v. Roberts*, 893 F.3d 1195, 1216 (10th Cir. 2018) (mere response and denial of grievance insufficient to establish personal participation); *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) (no liability where defendant's "only involvement was to deny the grievance appeal"). As stated by the Tenth

6

Circuit in *Gallagher v. Shelton*, 587 F.3d 1063 (10th Cir. 2009), upon which Defendants rely, "a denial of a grievance, *by itself without any connection to the violation of constitutional rights alleged by plaintiff*, does not establish personal participation under § 1983." 587 F.3d at 1069 (italics added). Here, as the Recommendation found, Plaintiff plausibly alleges that Defendant Raemisch was aware of the constitutional violation and allowed it to continue. Here, Plaintiff's allegations tend to show that, as the Director of CDOC who possessed responsibility for administration of medical care, including the Clinical Standards at issue, Defendant Raemisch was aware of the substantial risks of serious harm in promulgating, implementing, and enforcing the Clinical Standards. In other words, Defendant Raemisch had a connection to the alleged violation of Plaintiff's constitutional rights. And, further, Plaintiff alleges he repeatedly notified Defendant Raemisch that, due to the Clinical Standards, he was continually denied treatment for his chronic HVC but Defendant Raemisch continued to fail to act. Accordingly, Plaintiff's allegations are sufficient.

In summary, at this stage, Plaintiff has alleged facts sufficient to state a plausible claim for relief to survive Defendant's Motion.

### B. Qualified Immunity

When a defendant asserts a qualified-immunity defense, the burden shifts to the plaintiff to allege facts sufficient to show "(1) that the defendant violated a constitutional or statutory right (2) that was clearly established at the time of the conduct in question." *Dahn v. Amedei*, 867 F.3d 1178, 1185 (10th Cir. 2017). The Court "can decide which prong to address first, and need not address both." *Id*. To survive Defendant's Motion seeking dismissal, Plaintiff must "nudge his claims across the line from conceivable to plausible." *Id.* (quoting *Twombly*, 550 U.S. at 570 (alterations and quotation marks omitted)).

7

Defendants challenge the Recommendation's finding as to the first prong – that Plaintiff plausibly alleges Defendants Raemisch, Rishi-Tirella, Jordan, and Tiona violated Plaintiff's constitutional rights. Defendants summarily assert that, for the reasons they discussed as to the sufficiency of the § 1983 allegations and as set forth in their filings related to the Motion, Plaintiff failed to meet his burden. The Court, however, has overruled Defendants' objections as to the sufficiency of the § 1983 allegations. And, as to Defendants' reference to their earlier filings, the Court declines to search through such filings to determine what – if anything – in such filings support Defendants' conclusory argument. *See United States v. City of Las Cruces*, 289 F.3d 1170, 1186 (10th Cir. 2002) ("This court declines to sift through the record to find support for the appellants' contentions." (quotation marks and citation omitted)). Accordingly, Defendants' objection is overruled.

This leaves the Recommendation that the law was clearly established. Defendants do not object to this recommended finding and, after finding no clear error, the Court accepts this recommendation.

**C. Statute of Limitations**

"A statute of limitations defense may be appropriately resolved on a [Rule] 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (quotation marks omitted, brackets in original). Defendants argued that certain claims are barred by the two-year statute of limitations applicable to § 1983 claims. Plaintiff argued the continuing violation doctrine applies in determining whether the statute of limitations has run as to any claim or Defendant. The Magistrate Judge found he need not reach the continuing violation doctrine "because each individual claim is based on conduct within the limitations period" and

8

he could not conclude that any claims against any particular defendant would be barred by the statute of limitations, even if the doctrine did not apply. Thus, the Magistrate Judge recommended denying the Motion as to any claim or Defendant based upon the statute of limitations defense.

Defendants object in part to the Recommendation on this issue. Specifically, Defendants argue that, based on Plaintiffs' allegations, by 2015 Plaintiff was aware of the seriousness of his condition and knew that Defendants' ratification of the Clinical Standards caused non-defendant medical personnel to deny or delay his Hepatitis C treatment. Thus, Defendants assert that, as to Defendants Raemisch, Tiona, and Jordan, Plaintiff cannot recover for any alleged wrongdoing which occurred prior to May 21, 2016, two years before the complaint was filed against them on May 22, 2018.[2] As to Defendant Ariola-Tirella, Defendants argue that he was first named as a defendant in February 14, 2020 and, to the extent he is alleged to have engaged in misconduct prior to February 14, 2018, Plaintiff cannot recover for such misconduct. Plaintiff counters "that is not how the statute of limitations operates at this stage of the proceedings." While the Court rejects Plaintiff's argument, *see, e.g., Chrisco v. Raemisch*, 374 F. Supp. 3d 1093, 1098-99 (D. Colo. 2019) (while plaintiff's entire claim was not time barred, he was nonetheless precluded from pursuing claim based on acts which occurred prior to April 24, 2015 as that was time barred), the Court nonetheless finds Defendants have not sufficiently shown that dismissal may be had on this record.

The Court's review of the record shows it is unable to dismiss any Defendant or any claim, even in part, based on the allegations and arguments at hand. First, it appears Defendants' argument that Plaintiff was aware or knew he had claims by 2015 as against all Defendants may

---

[2] Defendants state the complaint was filed on May 21, 2018 but the court records show it was filed on May 22. (ECF No. 1.)

be based on aggregating allegations against separate Defendants. That is improper because the Court must examine when Plaintiff knew or had reason to know "separately for each of these Defendants." *Vasquez v. Davis*, 882 F.3d 1270, 1276 (10th Cir. 2018).

Further, Plaintiff alleges Defendant Tiona signed versions of the Clinical Standards in November 2015 and November 2016 (ECF No. 188, ¶¶ 11, 51). Those allegations, however, fail to make clear as to *when* Plaintiff knew or had reason to know that Defendant Tiona signed those Clinical Standards on those dates. Nor can Plaintiff's knowledge be reasonably inferred based on other allegations. This also holds true for Defendants Rishi-Tirella and Jordan. As for Defendant Raemisch, the Court agrees with the recommendation that at least some of his conduct may have occurred within the limitations period. Whether the conduct outside the limitations period is barred, however, may be impacted by whether the continuing violation doctrine applies under these allegations. And, on the current record, the Court finds it cannot resolve that issue. Accordingly, Defendants' objection is overruled.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

(1) Defendants' Objection (ECF No. 227) is OVERRULED;

(2) The Recommendation (ECF No. 226) is ACCEPTED; and

(3) Defendants' Motion to Dismiss (ECF No. 204) is DENIED.

DATED this 25th day of March, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge